UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE GALINDO OROSCO, JR., <br><br> Petitioner, <br><br> v. <br><br> W. KNIPP, et al., <br><br> Respondents. | No. 2:15-cv-0902 MCE DB P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner brings this action challenging his 2012 conviction in the Sacramento Superior Court resulting in a sentence of thirty years to life. Petitioner alleges that (1) the trial court erred when it failed to instruct on a lesser-included offense, (2) he was entitled to a jury determination as to whether he was a habitual sex offender and whether he qualified for a sentencing enhancement, and (3) his trial counsel was ineffective for failing to object to the sentencing enhancement. For the reasons set forth below, this court will recommend the petition be denied.

## BACKGROUND

**I.     Factual and Procedural Background**

The California Court of Appeal for the Third Appellate District provided the following factual and procedural summary:

1

After a jury trial, defendant Joe Galindo Orosco, Jr., was found guilty of two counts of lewd and lascivious acts with his granddaughter, A.H., a minor under the age of 14 years. Defendant was sentenced to two concurrent terms of 25 years to life pursuant to Penal Code section 667.61 (unless otherwise stated, statutory references that follow are to the Penal Code), plus an enhancement of five years pursuant to section 667.51 (the "One Strike Law"), due to a prior conviction for a lewd and lascivious act with a minor under the age of 14 years in violation of section 288, subdivision (a).

Defendant appeals, contending the court erred in (1) failing to sua sponte instruct the jury regarding the lesser included offense of "attempt" for count one (charged as lewd and lascivious act with a minor under the age of 14 for contact other than body on body) and (2) sentencing defendant to the five-year enhancement pursuant to section 667.51 without a jury finding that the defendant had suffered a prior conviction for the purposes of the enhancement. We affirm the judgment.

## FACTS AND PROCEEDINGS

On or about April 26, 2011, A.H.'s grandmother invited A.H. to watch a video on her laptop in her bedroom, which the grandmother shared with the defendant. Seven-year-old A.H., who was living with her grandparents at the time, did so. After the grandmother had fallen asleep in her chair watching videos with headphones in her ears, defendant invited A.H. to watch a television show with him from his bed. A.H. laid next to him on the bed. A.H. demonstrated affection for defendant by rubbing his head and kissing him, which caused him to become aroused.

Defendant attempted to kiss A.H. on the mouth, and when she rebuffed that attempt, he kissed her on the cheek and neck. He then climbed on top of her, and rubbed his genitalia against her upper thigh and vaginal area. Both were clothed at the time. While defendant was atop A.H., A.H.'s older brother happened to open the door and interrupted what was happening. A.H.'s brother quickly left to tell their mother what defendant was doing to A.H. When the brother walked in, defendant placed his arm over A.H.'s mouth. Defendant got off A.H., and, despite defendant's instruction not to tell anyone, she ran to the bedroom and told her mother what had happened.

After being confronted by his daughter, A.H.'s mother, about the molestation, defendant took a knife into the bathroom and contemplated suicide. His family convinced him to check himself into a hospital to seek help. A mandated reporter at the hospital reported the molestation to the police and they conducted an investigation. After his release from the hospital, defendant confessed the molestation of A.H., and other minors, in a police interview. Additionally, A.H., in a forensic interview and in trial testimony, corroborated the reported molestation, though she presented potentially conflicting testimony regarding the defendant's admitted kiss. A.H. testified that defendant attempted to kiss her but

that she pushed him away; she also testified that he always kissed her on the cheeks; and she testified that he did not kiss her on the date in question.

Defendant was charged with two counts of forcible acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (b)), with lesser included offenses of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (a)) as to both counts, and simple battery (§ 242) as to count one. The two counts were for separate acts: count two was for the body on body contact, and count one was for contact other than that contemplated by count two (as argued, the kissing). The defendant pleaded not guilty to both counts.

After a trial, the jury returned an initial verdict on count two and was deadlocked as to count one. In coming to this point, the jury had asked the court for clarification of the term "force" as used in section 288, subdivision (b), and had asked the court whether the jury could make a decision as to a lesser included offense if it could not make a decision as to the charged offense. As to count two, the jury found the defendant not guilty of forcible acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (b)), but guilty of acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (a)). The jury also found the defendant had suffered a prior conviction for violation of section 288, subdivision (a) in Yolo County in 1986.

The district attorney dismissed the charge of forcible acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (b)) as to count one, and the court resubmitted the count to the jury on just the lesser included offenses. The jury returned a verdict of guilty as to count one, acts of lewd and lascivious conduct with a minor under the age of 14 (§ 288, subd. (a)), and again found the defendant had suffered a prior conviction for violation of section 288, subdivision (a) in Yolo County in 1986.

The trial court had already found that defendant was the same person who was identified in the 1986 Yolo County conviction for violation of section 288, subdivision (a) as required by section 1025. Defendant pleaded guilty to that offense, and the court documents reflecting that plea deal were admitted into evidence in the instant trial. The jury was instructed to determine if the evidence presented proved defendant was convicted of a previous crime, namely a violation of section 288, subdivision (a) in Yolo County in 1986. However, the verdict forms used by the jury read that the jury found "the allegation that the defendant suffered a prior conviction for Penal Code 288(a) in Yolo County on June 24, 1986, within the meaning of Penal Code Section 667.61(a) and (d) to be" true. After the jury had been discharged, the court noted a "slight irregularity" in the verdict forms. Specifically, the prior conviction enhancements referenced other statutes, including the one that was ultimately applied by the court, section 667.51, subdivision (a). The court decided that the jury found the prior conviction true and that the additional language in the verdict form regarding section 667.61 was surplusage.

3

> The court sentenced defendant on count one, lewd and lascivious acts with a child, to 25 years to life. In connection with count one, because of defendant's prior conviction, the court sentenced the defendant to an additional five years pursuant to section 667.51, subdivision (a). On count two, lewd and lascivious acts with a child, the court sentenced defendant to 25 years to life to be served concurrently.

People v. Orosco, No. 11F03194, 2014 WL 1315670, at *1-2 (Cal. Ct. App. Apr. 2, 2014).

## II.  Direct Review

Petitioner sought review in the California Court of Appeal Third Appellate District, which affirmed the conviction and sentence on April 2, 2014, through a reasoned decision. Lodged Doc. ("LD") 9, 12. He then sought review in the California Supreme Court, which summarily denied review on June 25, 2014. LD 13-14.

## III.  Collateral Review

Petitioner filed this petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254 on April 27, 2015, and Respondent filed an Answer on March 9, 2016. (ECF Nos. 1, 17.) Petitioner has not filed a traverse.

## STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "'may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (citing Parker v. Matthews, 567 U.S. 37 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. at 1451. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S. at 405-06). "Under the 'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411;

5

see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Andrade, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (Internal citations and quotation marks omitted.)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

There are two ways a petitioner may satisfy subsection (d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). He may show the state court's findings of fact "were not supported by substantial evidence in the state court record" or he may "challenge the fact-finding process itself on the ground it was deficient in some material way." Id. (citing Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004)); see also Hurles v. Ryan, 752 F.3d 768, 790-91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" test, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th Cir. 2012).

The second test, whether the state court's fact-finding process is insufficient, requires the federal court to "be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47 (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold an evidentiary hearing does not automatically render its fact-finding process unreasonable. Id. at 1147. Further, a state court may make factual findings without an evidentiary hearing if "the record conclusively establishes a fact

or where petitioner's factual allegations are entirely without credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003)).

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised."). For the claims upon which petitioner seeks to present evidence, petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the presentation of evidence in a federal habeas proceeding. See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 293 (2013). When it is clear, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review

the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

# ANALYSIS

## A. Lesser-Included Offense

### a. State Court Opinion

Because the California Supreme Court summarily denied review of petitioner's appeal, this Court turns to the last reasoned decision in Petitioner's case. Stanley, 633 F.3d at 859. The state appellate court denied Petitioner's claim that the trial court erred in failing to include a jury instruction on a lesser-included offense as follows:

# I

# The Lesser Included Offense—Count One

> In count one, defendant is charged with a violation of section 288, subdivision (a), based on the allegation that he kissed A.H. "[S]ection 288, subdivision (a), states [it is] a felony offense for any person who 'willfully and lewdly commits any lewd or lascivious act' on the body of a child under the age of 14, 'with the intent of arousing … the lust, passions, or sexual desires of that person or the child.' Any touching of a child under the age of 14 violates this section, even if the touching is outwardly innocuous and inoffensive, if it is accompanied by the intent to arouse or gratify the sexual desires of either the perpetrator or the victim." (*People v. Lopez* (1998) 19 Cal.4th 282, 289; italics omitted.)
>
> Defendant contends the court should have, *sua sponte*, instructed the jury on attempted lewd and lascivious conduct as a lesser included offense on count one. A trial court must instruct *sua sponte* on a lesser included offense, including attempt, only where there is substantial evidence that only the lesser and not the greater offense was committed. (*People v. Breverman* (1998) 19 Cal.4th 142, 162 (*Breverman*).) "An instruction on a lesser included offense must be given only when the evidence warrants such an instruction. [Citation.] To warrant such an instruction, there must be substantial evidence of the lesser included offense, that is, 'evidence from which a rational trier of fact could find beyond a reasonable doubt' that the defendant committed the lesser offense. [Citation.] Speculation is insufficient to require the giving of an instruction on a lesser included offense. [Citations.] In addition, a lesser included instruction need not be given when there is no evidence that the offense is less than that charged." (*People v. Mendoza* (2000) 24 Cal.4th 130, 174.) "[T]he testimony of a single witness ... may suffice to require lesser included offense instructions." (*People v. Wyatt* (2012) 55 Cal.4th 694, 698 (*Wyatt*).)

8

Here, at least arguably, a jury could dismiss defendant's admissions and rely instead on A.H.'s testimony that while defendant attempted to kiss her on the day in question, he did not actually kiss her. As such, there is sufficient evidence of the lesser included offense of attempted lewd and lascivious conduct with a child under the age of 14. Therefore, we conclude the trial court erred when it failed *sua sponte* to instruct the jury on attempt as to count one. However, it does not necessarily follow that such error is prejudicial.

"Instructional error is subject to harmless error review." (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 214.) "[E]rror in failing *sua sponte* to instruct, or to instruct fully, on all lesser included offense and theories thereof which are supported by the evidence must be reviewed for prejudice exclusively under [*People v. Watson* (1956) 46 Cal.2d 818 (*Watson*)]." (*Breverman*, supra, 19 Cal.4th at p. 178.) "[M]isdirection of the jury is not subject to reversal unless an examination of the entire record establishes a reasonable probability that the error affected the outcome." (*Id.* at p. 165; accord *Wyatt*, *supra*, 55 Cal.4th at p. 698.) Under the *Watson* review, "'a defendant must show it is reasonably probable a more favorable result would have been obtained absent the error.'" (*People v. Beltran* (2013) 56 Cal.4th 935, 955 citing *People v. Mena* (2012) 54 Cal.4th 146, 162.) This review "'focuses not on what a reasonable jury could do, but what such a jury is likely to have done in the absence of the error under consideration.'" (*Id.* at p. 956.)

Defendant contends the error was prejudicial because the only evidence the jury heard that supported a conviction on count one was his own out-of-court statements. Thus, defendant contends that once we exclude his testimony based on the corpus delicti rule, the record supports a conviction only for the lesser included offense. We disagree because we find the corpus delicti rule was satisfied.

In a criminal trial, the prosecution must prove the corpus delicti of the crime without relying exclusively upon the defendant's extrajudicial statements, confessions, or admissions. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168-1169 (*Alvarez*).) The main purpose of the rule is to prevent a person from being falsely convicted of "a crime that never happened" based on his testimony alone. (*Id.* at p. 1169.) It "requires corroboration of the defendant's extrajudicial utterances insofar as they indicate a crime was committed, and forces the People to supply, as part of their burden of proof in every criminal prosecution, some evidence of the corpus delicti aside from, or in addition to, such statements." (*Id.* at p. 1178.) The corpus delicti may be proven by circumstantial evidence and need not amount to proof beyond a reasonable doubt. (*Id.* at p. 1171.)

"[T]he modicum of necessary independent evidence of the corpus delicti, and thus the jury's duty to find such independent proof, is not great. The independent evidence may be circumstantial, and need only be 'a slight or prima facie showing' permitting an inference of injury, loss, or harm from a criminal agency, after which the defendant's statements may be considered to strengthen the case on all issues." (*Alvarez*, *supra*, 27 Cal.4th at p. 1181; *see also People v. Jones* (1998) 17 Cal.4th 279, 301-302 [finding sufficient

>independent evidence to permit inference of forced oral copulation to permit defendant's admission of the same where deceased victim was found with no underwear or shoes, and had semen in various other orifices, despite the lack of semen in the victim's mouth].) To satisfy the corpus delicti rule, the independent evidence need only permit a reasonable jury to reasonably infer that the alleged crime did happen. (*People v. Valencia* (2008) 43 Cal.4th 268, 297; *People v. Jones*, *supra*, 17 Cal.4th at pp. 301-304.) Once the rule is satisfied, the jury may consider the defendant's statements for their full value in arriving at their verdict. (*Alvarez*, *supra*, at p. 1171.)
>
> The jury was properly instructed, using CALCRIM No. 359 [corpus delicti—independent evidence of a charged crime], that it could not convict defendant of a charge based on his out-of-court statements alone, but that it needed other evidence to show the charged crime was committed. The jury apparently weighed A.H.'s testimony and found that there was sufficient independent evidence of the charged crime to reasonably infer that the charged crime occurred. (*People v. Holt* (1997) 15 Cal.4th 619, 662 ["Jurors are presumed to understand and follow the court's instructions"].)
>
> A.H. testified that defendant tried to kiss her, that his face was close to hers, and that his lips were coming towards her, which is corroboration of the defendant's statement that he attempted to kiss her on the lips and did kiss her on the cheek and neck. A.H. also testified that defendant frequently kissed her on the cheek. While there may be other possible inferences to draw from A.H.'s testimony, it is a reasonable inference to conclude that defendant did kiss A.H. on the cheek and neck, and that A.H., a seven-year-old girl, discounted that kiss either due to her perception that it was normal in their familial relationship, or due to her shock at the molestation overall. Regardless, we find that the corpus delicti rule was satisfied, and defendant's out-of-court statements could be considered for their full value. In light of this evidence, it is not reasonably probable that defendant would have achieved a better result if the court had instructed the jury *sua sponte* on attempt. Therefore, the court's error in failing to instruct the jury on attempt was harmless.

People v. Orosco, No. 11F03194, 2014 WL 1315670, at *2-4 (Cal. Ct. App. Apr. 2, 2014).

### b. Analysis

In Beck v. Alabama, 447 U.S. 625 (1980), the Supreme Court held that due process is violated in a capital case "when the jury was not permitted to consider a verdict of guilt of a lesser included non-capital offense, and when the evidence would have supported such a verdict." 447 U.S. at 627. The Supreme Court in Beck expressly declined to determine whether due process requires giving a lesser included offense instruction in noncapital cases. Id. at 638 n.14. The Ninth Circuit has declined to extend Beck to noncapital cases, Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000) (per curiam), and has recognized that "[t]here is no Supreme Court precedent

establishing that a state trial court is required to instruct on lesser included offenses in noncapital cases," Bortis v. Swarthout, 672 F. App'x 754, 754 (9th Cir.), cert. denied sub nom. Bortis v. Arnold, 137 S. Ct. 1605 (2017). Although "'the failure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding' ... the defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule." Solis, 219 F.3d at 929 (alteration in original) (quoting Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir. 1984)).

To the extent that Petitioner asserts that the state trial court violated due process by failing to instruct the jury *sua sponte* on attempted lewd and lascivious conduct as a lesser-included offense, the Court finds that Petitioner fails to present a federal constitutional question. Petitioner also fails to show that this claim falls within the exception to the general rule based on a defendant's right to jury instructions on the defense theory of the case. See Solis, 219 F.3d at 929. As demonstrated by defense's counsel's closing arguments, Petitioner's defense theory was that the evidence was inconsistent as to whether he tried to kiss the victim on the mouth and that the only issue was whether there was evidence of sexual intent to accompany Petitioner's admission that he kissed the victim on the cheek or neck. See LD 1 at 272. In other words, Petitioner's theory was not that he tried but failed to kiss the victim. Instead, it was that any kiss that may have happened on the cheek or neck was not accompanied by sexual intent. In light of this defense theory, the failure to include an attempted lewd and lascivious conduct instruction did not violate Petitioner's constitutional rights.

Moreover, even if there had been instructional error, such error was harmless because the evidence was sufficient for the jury to find Petitioner guilty of the greater offense. Of the incident, the victim said that Petitioner attempted to kiss her on the mouth but she was able to avoid the kiss either by sucking her lips in (per statements she made shortly after the incident occurred) or by moving his face away (per testimony at trial), that he did kiss her cheek and that he "always" kisses her cheek (see LD 7 at 152), that he positioned himself on top of her, that he "started to go back and forth" two times while atop her, and that he placed his hand over her mouth. Crediting

these statements, Petitioner's own admissions were considered—namely, that he was aroused by the victim, that he positioned himself on top of her, that he kissed the victim on the neck and cheek after she rejected a kiss on the mouth, and that he moved up and down while on top of her. From this evidence, the jury could reasonably infer that Petitioner did position himself on the victim, did move up and down on top of her, and did kiss her cheek and neck with sexual intent.

Based on the foregoing, the state court's denial of Petitioner's instructional error claim with respect to attempted lewd and lascivious conduct as a lesser-included offense was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact. The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on his first claim, and it should be denied.

**B. Sentencing Enhancement**

    **a. State Court Opinion**

As set forth below, the state appellate court denied petitioner's claim that the trial court erred in finding him to be a habitual sex offender resulting in the imposition of a sentencing enhancement based on a prior conviction:

### II

### The Prior Conviction

> Defendant contends it was error for the court to sentence him to a five-year enhancement for a prior conviction pursuant to section 667.51, subdivision (a). Defendant's sentencing enhancement was based on a prior conviction for a violation of section 288, after the jury found that, in fact, he had been convicted as alleged in the information. Defendant does not dispute his prior conviction; nor does he contend there was insufficient evidence of his having been convicted as alleged. Rather, defendant contends that because the verdict form indicates the jury found the defendant had suffered the prior conviction "within the meaning of Penal Code Section 667.61(a) and (d)," the prior conviction determination of the jury cannot be used by the court to impose the sentencing enhancement under section 667.51, subdivision (a).
>
> Defendant's contention is based on his interpretation of section 1025, subdivision (b), which provides, in relevant part, that "the question of whether or not the defendant has suffered the prior

> conviction shall be tried by the jury that tries the issue upon the plea of not guilty ...." The only factual finding left to the jury under section 1025 is whether the defendant had actually been convicted as alleged. (*People v. Epps* (2001) 25 Cal.4th 19, 24, 26–27; italics omitted.) The question posed by defendant is whether a jury's finding that the defendant sustained a prior conviction for the purposes of one sentencing statute permits the court to impose the sentencing enhancement under another sentencing statute based on the same prior conviction.
>
> In *People v. Williams* (2002) 99 Cal.App.4th 696 (*Williams*), the defendant challenged his prior serious felony conviction enhancement where the jury returned a verdict finding true the prior serious felony allegation under one enhancement provision but failed to return a verdict form for the enhancement alleged under another provision. (*Id.* at pp. 699-700.) In that case, the court found that section 1025 only grants the defendant the right to have a jury determine the factual issue of whether he had suffered the alleged prior conviction, and that the legal question of whether that conviction was of the type that qualified for a particular sentencing enhancement was left to the court to decide. (*Id.* at pp. 700-701.) As we stated, "[t]he right to a jury trial extends only to the fact of the conviction alleged in the information, not to the truth of the enhancement allegation itself." (*Id.* at p. 701.) Therefore, a jury's finding that the defendant in fact had been convicted as alleged, regardless of the enhancement designation included in the verdict form, is the only finding necessary for a court to sentence a defendant to any applicable enhancement based on that prior conviction.
>
> Here, the jury found true that defendant had been convicted as alleged of a violation of section 288, subdivision (a) in Yolo County in 1986. The extraneous language in the verdict forms that defendant's prior conviction fell "within the meaning of Penal Code Section 667.61(a) and (d)" is superfluous, and does not render the court's imposition of the sentencing enhancement pursuant to section 667.51, subdivision (a), improper.

People v. Orosco, No. 11F03194, 2014 WL 1315670, at *4-5 (Cal. Ct. App. Apr. 2, 2014).

### b. Analysis

While Petitioner acknowledges that he does not have a constitutional right to a jury trial for determinations concerning the existence of a prior conviction, see Apprendi v. New Jersey, 530 U.S. 466 (2000), the record reveals that a jury *did* find the fact of his prior conviction to be true. Petitioner argues that this determination was in the context of one sentencing statute and that the trial court erred by using the same conviction to enhance his sentence under a second sentencing statute. Because this claim concerns only an application of state law and does not implicate a federal law, it cannot serve as the basis of federal habeas relief. See Wilson v.

13

Corcoran, 562 U.S. 1, 5 (2010). Petitioner also fails to show that the state court's decision was either contrary to clearly established federal law or included an unreasonable application of established federal law. Accordingly, habeas relief should be denied on this ground.

### C. Ineffective Assistance of Counsel

Lastly, Petitioner argues that his trial counsel was ineffective for failing to object to the afore-referenced sentencing enhancement. The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112.

Petitioner did not pursue this ineffective assistance of counsel claim in state court. Therefore, the claim is subject to dismissal for failure to exhaust state-court remedies. See Murray v. Schriro, 882 F.3d 778, 807 (9th Cir. 2018).

But even assuming Petitioner had exhausted this claim, he has not shown that his attorney was ineffective for failing to object to the trial court's use of the prior conviction to impose a sentencing enhancement. Pursuant to California law, Petitioner was entitled to a jury determination on the fact of a prior conviction. See Cal. Crim. Code § 1025. In the event of multiple convictions, a separate finding must be made as to each. Id. § 1158. The record in this

case reveals that Petitioner did receive a jury determination as to the single prior conviction. On the verdict form, this prior conviction was said to fall "within the meaning of Penal Code Section 667.61(a) and (d)." The trial court then used the same conviction to impose a sentencing enhancement pursuant to § 667.51. Because there is no California law or statute that would limit the legal effect of a prior conviction to a single statute, Petitioner's counsel was not ineffective for failing to object to its subsequent use by the trial court. Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection.").

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 8, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
DB/Inbox/Substantive/oros0902.fr

15